UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| | ) No. 4:15CR00316-3 JAR |
| **FRANCIS FROST** | ) |
| Defendant. | ) |

### DEFENDANT FRANCIS FROSTS' SENTENCING MEMORANDUM

COMES NOW the Defendant, Francis Frost, by and through his attorney, Andrew J. Sottile, and files the following memorandum regarding Defendant's sentence.

### Plea Agreement

Defendant, Francis Frost, a thirty-three (33) year old male, presents himself to the Court for sentencing. On August 24th, 2015, the defendant pled guilty to three counts of a five-count Indictment. Count I charged Conspiracy to Possess with Intent to Distribute Actual Methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. §841 (a)(1), and 21 U.S.C. § 841(b)(1)(B), Count 2 charged Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C.  § 846, 21 U.S.C. §841(a)(1), and 21 U.S.C. § 841 (b)(1)(B); Count 5 charged Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371.

Under the Plea Agreement pursuant to rule 11(c)(1)(B,) in exchange for the defendant's plea to Counts 1, 2 and 5, the Government agreed to dismiss Count 3 which charged Possession with Intent to Distribute Actual Methamphetamine and Count 4 which charged Possession with Intent to Distribute Cocaine at the time of sentencing. The parties agreed Mr. Frost has clearly demonstrated acceptance of responsibility for his actions and therefore, recommend that he be

1

given a three level reduction in his Offense Level under United States Sentencing Guidelines (USSG) §3E1.1. The parties estimate the total offense level is 33. The parties acknowledge that this Court is neither a party to nor bound by the Guidelines' recommendations agreed to by the parties in the Plea Agreement.

## Presentence Report and Sentencing Guidelines

In the Pre-Sentence Report (PSR), United States Probation Officer Randi Heidecker calculated a total offense level of thirty-six (36). The defendant clearly has accepted responsibility thus three points are deducted under USSG §3E1.1(a). A total offense level of 33 is calculated. A criminal history of II was calculated, with an advisory guideline imprisonment range of 151 to 188 months.  Defendant has no objections to the Presentence Report (PSR).

## Imposition of Sentence

### I. The Nature and Circumstances of the Offense and the History and Characteristics of Francis Frost

a. The Nature of the Offense

Paragraphs 14-128 of the Pre-Sentence Report summarizes the conduct of the defendant.  According to government records, the investigation into the instant offense was conducted by the Drug Enforcement Administration (DEA) and the Federal Bureau of Investigations (FBI).  The investigation revealed that beginning at a time unknown, but including February 2015, and continuing until July 2015, in the Eastern District of Missouri, and elsewhere, Poe Purcell, Chalamar Tuipelehake, and Francis Frost conspired together and with unknown individuals to distribute cocaine and actual methamphetamine. As part of the conspiracy to distribute controlled substances, the defendants conspired together to circumvent and evade established security procedures in

2

secure areas of the Los Angeles International Airport (LAX) to transport narcotics from Los Angles, California to other destination cities including St. Louis, Missouri, using commercial airlines (PSR par 6). On August 24, 2015, Francis Frost was arrested in Compton, California.

On Counts 1 and 2 the statutory minimum term of imprisonment is 5 years and the maximum term is 40 years pursuant to 21 U.S.C. §846 and 21 U.S.C. § 841(b)(1)(B). Count 5 the maximum term is five years 18 U.S.C. §371. The guideline range based on a total offense level of 33 and a criminal history category of II is 151 months to 188 months.

Francis Frost is required to pay a special assessment of $100.00.

b. Defendant's Personal and Family History

Francis Frost was reported born on February 17th, 1983, in Compton, California (PSR par 60).  The defendant's parents are Fritz Frost, age 65 and Emma Laufou' Salea, age 62.  The defendant reports that he met his father for the first time at the age of 12 and not having any relationship with his father after the first meeting (PSR par 60).

Defendant is a diabetic and takes insulin daily.


**Sentencing Purposes and Factors**

Title 18 Section §3553 of the United States Code sets out factors this Court is to consider in imposing sentence.  Significantly Section §3553 provides that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection".
In determining the particular sentence to be imposed, the Court shall consider:

    (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

3

    (2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The recommended guideline range in Francis Frost's case is 151 months to 188 months. The undersigned counsel for defendant respectfully submits that the imposition of a non-guideline sentence of 105-120 months could be considered by the Court. Assistant United States Attorney Michael Reilly has no objection to a sentence within the non-guideline range of 105-120 month sentence. Defense counsel and the government recommend that Francis Frost be sentenced within the 105-120 month range. Such a sentence will account for the seriousness of Francis Frost's offense, but will also take into account Francis Frosts's history, and characteristics. Francis Frost suffers from Diabetes and must take medicine on a daily basis. Additionally, Francis Frost's childhood differentiates him from most people. He only met his father at the age of 12 years and did not have any real contact with him other than his initial meeting with him at that young age. A sentence of 105-120 months would adequately address the sentencing directives set forth in 18 U.S.C. Section §3553. Such a sentence would reflect the seriousness of the offense, would promote respect for the law, would provide deterrence and would address the need to protect the public.

    For all the above reasons set forth above, Francis Frost respectfully requests this Court grant a non-guideline sentence as suggested above or as the Court, in its discretion deems fair and just.

        Respectfully submitted,

        Andrew J. Sottile

        /s/ Andrew J. Sottile Bar # 44511

        212 N. Kingshighway. Suite 1021
        St. Louis, MO 63108
        (314) 241-2099/ Facsimile 454-1256
        Attorney for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of October, 2016, the foregoing document was filed electronically with the Clerk of the Court to be served by operation of Court's electronic filing system.

        /s/ Andrew J. Sottile Bar # 44511